[Civ. No. 2503. First Appellate District, Division One.—December 21, 1918.]

## J. HOWARD SMITH, Appellant, v. H. D. PILLSBURY et al., Respondents.

CORPORATIONS—STOCKHOLDER'S LIABILITY—PLEDGE OF BONDS—STATUTE OF LIMITATIONS.—Where a corporation, authorized to create a bonded indebtedness, issued bonds by pledging them as security for the payment of a note, the liability of the stockholders upon such bonds arose at the time of the pledge and not at the time of the sale of the bonds under the pledge, and an action against the stockholders commenced more than three years after the date of the pledge is barred by section 359 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Howard Smith, *in pro. per.*, and Martin Stevens for Appellant.

Alfred Sutro and Corbet & Selby for Respondents.

BEASLY, J., *pro tem.*—This is an appeal on the judgment-roll alone from a judgment in favor of the defendants in an action brought to recover from them, as stockholders in a corporation, their proportionate liability for an indebtedness of the corporation upon certain bonds owned by the plaintiff, the corporation having failed to meet the payments of interest thereon.

The sole question presented by the record for determination is whether or not the cause of action pleaded is barred by the provisions of section 359 of the Code of Civil Procedure, limiting to three years the time within which an action may be commenced.

There is no dispute about the facts. Each of the defendants was the owner and holder of shares of stock in the Ocean Shore Railway Company, a corporation organized pursuant to the laws of this state. Subsequent to its organization, at a meeting called and held for the purpose, its stockholders regularly ordered and created a bonded indebtedness in a large amount, to be represented by bonds, which were to be issued by the corporation as funds should be required for payment of construction, equipment, and maintenance of the railroad. The bonds were for the sum of one thousand dollars each, payable thirty years from November 1, 1905, with interest at the rate of five per cent per annum. They were secured by a mortgage and deed of trust of all property owned by the railroad corporation, which provided that in case default should be made in the payment of interest on any of such bonds for a period of ninety days, then the principal should become immediately due and payable. On the second day of April, 1908, the railroad corporation, in payment of certain electrical machinery theretofore purchased by it, gave to the General Electric Company its promissory note, and deposited with that company as a pledge for the payment of the note 150 of said bonds; and the railroad company agreed that should the note or any interest due thereon remain unpaid according to

39 Cal. App.—16

its terms, the General Electric Company might sell the bonds and apply the net proceeds thereof in satisfaction of the note. The railroad corporation being in default in the payment of certain interest on its said bonds, the trustee, pursuant to the terms of the deed of trust, sold at public auction on January 7, 1911, all the property held by it as security, and applied the sum of money thus realized to the equal and proportionate payment of all of said bonds. In the meantime default had also been made in the payment of interest on its note of April 2, 1908, and on July 28, 1910, the payee of the note sold the bonds pledged with it, and at that sale the plaintiff became the owner of twelve of such bonds.

The court found that the liability of defendants as stockholders of the railroad corporation was created on April 2, 1908, the date the bonds were pledged, and not on July 28, 1910, the time they were sold by the pledgee, and hence that the statute of limitations had barred this action, which was commenced in September, 1912.

We do not think it can be seriously questioned that the bonds here concerned were issued when they were pledged to the General Electric Company as security for the payment of the note, and this irrespective of who held the legal title thereto during their hypothecation. In *Illinois Trust & Sav. Bank* v. *Pacific Ry. Co.*, 117 Cal. 332, 344, [49 Pac. 197, 201], our supreme court, upon the question here involved, said: " . . . it seems to us that in a just and natural sense the bonds were issued 'for' such money or property; they served the purpose designed by the company—procured value for it. The cases upon the subject uphold the right to pledge as included in the right to sell." This doctrine has been followed in numerous cases, and in *Equitable Trust Co.* v. *Great Shoshone etc. Co.*, 228 Fed. 516, it was said: "A bond does not become an obligation of the debtor until it is issued, and it is issued when, and only when, a third party acquires some right or interest therein. True, there need not be an absolute sale; a bond is issued as well when it is put out as collateral."

The pledge of the bonds conferred rights upon the pledgee and corresponding obligations upon the pledgor. Thus the pledgee had the right to collect the interest coupons, with the corresponding obligation upon the corporation to pay them to the pledgee, the holder of the bonds. The same is true as to the principal of the bonds upon their maturity, if such

maturity occur during the life of the pledge. ''A pledgee of interest bearing securities is entitled to collect and receive the interest as it becomes payable, and he will hold the sums collected on the same terms as he holds the securities themselves. It is immaterial in this respect whether the collateral security be a promissory note, a corporation bond or shares in a corporation.'' (Jones on Collateral Securities, sec. 399, citing *Androscoggin* v. *Auburn Bank,* 48 Me. 335.)

A liability on the part of the pledgor being thus created, the only question remaining to be determined is as to when the stockholder's statutory liability upon this liability of the corporation accrues, whether at the inception of the corporate liability or at the time it becomes enforceable against the corporation. It is the settled doctrine in this state that such statutory liability accrues at the inception of the corporate liability, and that the three-year period within which an action thereon must be commenced commences to run at that time. (*Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335] ; *Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500, [153 Pac. 939].) In the case at bar, therefore, the trial court correctly held that the liability of the defendants as stockholders in the Ocean Shore Railroad upon the bonds pledged by that corporation arose at the time of the pledge, and not at the time of the sale of the bonds under the pledge; and that consequently the present action is barred, having been commenced more than three years from the date of the pledge.

The judgment is affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 20, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1919.

All the Justices concurred.