[No. 19152. Department Two.—October 6, 1893.]

JOHN W. HUNT, RESPONDENT, v. EDWIN WARD, APPELLANT.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — STATUTE OF LIMITATIONS.— A stockholder's liability for his proportionate share of the corporate indebtedness is a "liability created by law" within the meaning of section 359 of the Code of Civil Procedure, and an action to enforce such liability must be brought within three years after the liability was created.

ID. —STATUTE RUNS FROM DATE AND NOT MATURITY OF INDEBTEDNESS. — The liability of a stockholder of a corporation upon a note given by the corporation is *created* within the meaning of section 359 of the Code of Civil Procedure, at least as early as the date of the note, and the statute of limitations commences to run in favor of the stockholder from the date of its execution, and not from its maturity, regardless of how long the liability of the corporation to actions may be postponed by agreement of the creditor.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Lee & Scott*, for Appellant.

*Wells, Monroe & Lee*, for Respondent.

McFARLAND, J.—Action to recover of defendant Ward his proportionate share of the alleged indebtedness of a corporation in which he was a stockholder. Judgment went for plaintiff, from which, and from an order denying a new trial, said defendant appeals. Appellant contends, among other things, that the complaint does not state facts sufficient to constitute a cause of action, and that the action is barred by section 359 of the Code of Civil Procedure.

It is averred in the complaint that on February 20, 1888, a certain corporation called the "Exchange Block Company" made and delivered to respondent its promissory note for $7,500, payable one year after date with twelve per cent per annum interest, and also executed to respondent a mortgage on certain corporate property to secure said note; that afterwards respondent foreclosed said mortgage, and that after the sale of the mortgaged premises there was a deficiency of $3,291.50, for which judgment was docketed against said corporation on January 9, 1891, and that the same is wholly unsatisfied; and that during the times mentioned appellant owned such a number of shares of the corporate stock as would make his proportionate share of said deficiency judgment $827.50, for which last-mentioned sum judgment is prayed in this present action against appellant.

It will be observed that there is no averment of the time of the incurring of the indebtedness or liability for which the note was given or of the nature of such indebtedness—the facts upon which it was founded; the only averment on the subject being the making and execution of the note and mortgage. The complaint bases the right to recover on the making of the note and the judgment *against the corporation;* but, as the liability of a stockholder is a separate and independent one, commencing with and dependent upon the original indebtedness, it is doubtful if the averments of the complaint in the case at bar are sufficient. Indeed, such averments were directly held by this court in *Tilden* v. *Gashwiler,* No. 4053, decided in 1875, to be insufficient. In that case the complaint did aver that the corporation *was indebted* to plaintiff's assignor in a stated sum of money, and that in consideration of such indebtedness it made its promissory note, upon which it was sought to hold the stockholder; but the trial court sustained a general demurrer upon the ground that the liability

of the stockholder was upon the original indebtedness, and not upon the note, and that there was no averment of facts showing such indebtedness. The plaintiff appealed, and the appellate court, after a most elaborate argument, as shown by the briefs in the record, affirmed the judgment; but as that case was not reported and there was no written opinion delivered in it—it being simply noticed in 50 Cal. 668, under the head of "cases not reported"—it cannot be taken as known generally to the bar, and, therefore, should not have much, if any, weight as authority. We allude to it merely to show how the court viewed the question at that time, and to illustrate the possible danger of relying upon such averments as those contained in the complaint in the case at bar. And, as we think that appellant's plea of the statute of limitations is a perfect defense to this action, we prefer not to say more upon the question above suggested, leaving its final decision to some case in which it must necessarily be determined.

As the note of the corporation is alleged to have been made on February 20, 1888, the liability of the stockholder was created, under any view, at least as early as the date of the note; and this present action was not commenced within three years after that date. The statutes of limitation of this state are contained in title 2, part 2, of the Code of Civil Procedure, from section 312 to 363; and the *general* rule, as expressed in said title, is that actions can be commenced within the prescribed periods after *the cause of action shall have accrued.* But section 359 provides that "this title does not affect actions against . . . . stockholders of a corporation . . . . to enforce a liability created by law; but such actions must be brought within three years after . . . . *the liability was created.*" And it was definitely settled in the cases of *Green* v. *Beckman,* 59 Cal. 545, and *Moore* v. *Boyd,* 74 Cal. 167, that a stockholder's liability is a "liability created by law" within the meaning of said section 359.

We do not see how this plain, clear language of section 359 can be explained away by any rule or any number of rules of construction. There is no room for the play of interpretation when the language under review leaves no doubt as to the meaning of those who used it. The legislature having, in former

sections of said title 2, declared the general rule, that actions should be commenced within the prescribed periods after the accruing of the cause of action, by section 359 deliberately provided that such rule should *not* apply to an action against a stockholder to enforce his liability for his proportionate share of the corporate debts, but that *such* action should be brought within three years after the liability was created. Of course, there is a clear and wide distinction between the creation of a liability and the accruing of a cause of action thereon; and section 359, *ex industria*, emphasizes that distinction. A liability may be absolute or contingent; it may be unconditional or limited; it may be presently enforceable by action, or there may be time given for its performance; but, whatever its character, it is created by the consummation of the contract, act, or omission by which the liability is incurred. If the appellant before the maturity of the note had sold his stock to a third person, who held it when the note matured, the appellant, and not the third person, would have been liable as a stockholder — which illustrates, if illustration be needed of a thing so plain, the meaning of the words "after the liability was created," as used in said section 359.

It is sought to overcome the plain language of the code by supposing a case where the corporation had given a note not due until more than three years after date, and suggesting that in such a case the statute would have run against the stockholders before the accruing of any right of action against them. But if we assume that in such a case, according to respondent's view, the stockholders could be sued only upon the note, still the situation — called by counsel "an anomalous condition of affairs" — would be the result of the voluntary act of the creditor done in the face of the law. Such a condition of affairs would not be the necessary outcome of the law; for the code gives the creditor ample room and time to subject stockholders to their independent liability for the indebtedness of the corporation. But if he chooses to make a contract with the corporation, by which *its* payment of the indebtedness is postponed beyond the three years' limitation in favor of the stockholders, he simply does an act which practically waives his right against the latter — assuming, of course, that his only cause of action

against the stockholder is upon the note of the corporation. It must be remembered that the right to pursue the stockholder at all does not exist at common law, but is solely the creature of the written law; and that it must be exercised upon the conditions and within the limits which the written law prescribes. The invocation by respondent of the clause of the state constitution, declaring the liability of stockholders of corporations, does not strengthen his position; for the statement of a right in a constitution is always subject to reasonable statutory limitations of the time within which it may be enforced, unless otherwise declared in the constitution itself; and three years is certainly not an unreasonable period of limitation. We see, therefore, no reason for disregarding the plain language of section 359. We need not inquire into the policy of the section; but as certificates of stock of many corporations pass frequently from hand to hand, it may well be assumed that the legislature intended to protect temporary stockholders from the power of officers of corporations and their creditors, to indefinitely extend the enforcement of liabilities created while they happened to be holders of stock. If the policy be unwise or bad, it is for the legislature to change it.

No cases have been cited where the point here involved was before the court; the question is *res integra*. The case nearest in point is that of *Redington* v. *Cornwell*, 90 Cal. 63, where the corporation had given its promissory note in consideration of a mutual open account, and the court, in considering the application of the statute of limitation to stockholders, used this language: "The averment as to the mutual open account in the third amended complaint is of doubtful sufficiency to extend the period of limitation even against the corporation. As to the stockholders, it can have no effect whatever even though sufficiently alleged. The corporation had no more power to extend the period of limitation as against the stockholders by a mutual open account than by making its promissory note. The liability of the stockholders is created and exists by statute. It arises when a debt is contracted by the corporation. It is limited to three years from the time it arises; and it is well settled in this state that the corporation has no power to extend that limitation without direct authority from the stockholders."

As the foregoing views are determinative of the case in favor of appellant, it is not necessary to discuss the admissibility in evidence of the judgment against the corporation, or any of the other questions argued by counsel.

The judgment and order appealed from are reversed, and the cause remanded.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.