[L. A. No. 4905. In Bank.—February 6, 1920.]

## B. L. CHAMBERS et al., Appellants, v. J. E. FARNHAM et al., Respondents.

[1] CORPORATIONS—LIABILITY OF STOCKHOLDERS—STATUTE OF LIMITATIONS.—The liability of a stockholder of a corporation created by section 3 of article XII of the constitution and section 322 of the Civil Code for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the association or corporation, is a liability created by law within the meaning of section 359 of the Code of Civil Procedure, and an action upon this primary and independent liability must be brought within three years after the liability was created.

[2] ID.—MANNER OF CREATION OF LIABILITY.—The liability is created by the consummation of the contract, act, or omission by which the liability is incurred, regardless of its character.

[3] ID.—JUDGMENT AGAINST CORPORATION—ACTION AGAINST STOCKHOLDERS—TIME NOT EXTENDED.—The rendition of a judgment against the corporation does not create a new liability or extend the time prescribed by the statute for bringing suit against the stockholders.

[4] ID.—BREACH OF COVENANT OF LEASE BY CORPORATION—LIABILITY OF STOCKHOLDERS—STATUTE OF LIMITATIONS.—The liability of a corporation for damages for breach of a covenant contained in a contract of lease, being a liability created by contract, is contracted or incurred at the time of the execution of the contract, regardless of the time of the breach, and an action against the stockholders on their statutory liability is barred by the provisions of section 359 of the Code of Civil Procedure, where not commenced within three years after the execution of the lease.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Drew Pruitt for Appellants.

Barstow, Beach & Rohe and Barstow, Rohe & Jeffers for Respondents.

ANGELLOTTI, C. J.—This is an appeal by plaintiffs on the judgment-roll alone from a judgment entered in favor of the defendants. The action was one to recover from the defendants, all of whom were stockholders of the Belmore Land and Water Company, a corporation, their proportion as such stockholders of an alleged liability of such company to plaintiffs. Except for a written stipulation of the parties as to the amount of capital stock of the company and the amounts owned and held by the respective defendants, no evidence was introduced, the findings being based on such stipulation and the pleadings. The claim of plaintiffs against the corporation was one for damages which plaintiffs alleged they sustained by reason of an alleged breach of a covenant contained in a lease of certain land for farming purposes delivered by the corporation to plaintiffs. This lease was executed and delivered to plaintiffs on September 25, 1911, and was for a term of two years commencing October 2, 1911. It contained a provision reading as follows: "It is agreed by party of the first part [the corporation lessor] that he shall construct a dam across the Silver Creek and Panoche Creek, on or before December 20th, 1911, and to place headgates at different points of turnouts." The purpose of this was to divert water from said creeks for the irrigation of such land, the same being located in a dry and arid region, and such irrigation being essential to the raising of grain and other crops thereon. The corporation did construct the dam in accord with the terms of the lease across said creeks. It was substantially alleged that the corporation failed to construct the headgates at the points of turnout necessary to enable plaintiffs to irrigate, during the spring of 1912, eight hundred acres sowed to barley by plaintiffs, with the result that they sustained damage during March, April, and May, 1912, in the sum of $5,078.55. Defendants attempted to deny these allegations, and the trial court found them untrue on the express ground that no evidence had been introduced thereon. It may be that in some respects the denials were not sufficient, but some of them, including the denial of allegation of damages, were specific and complete, with the result that the judgment for defendants would have to be affirmed for want of proof of any liability on the part of the corporation to respond in damages, unless that proof is supplied by the fact admitted by the pleadings and found by the trial

court that on January 26, 1914, plaintiffs obtained a judgment against the corporation in an action instituted by them against the corporation for the recovery of damages by reason of said breach of said lease, in the sum of $5,078.55 damages, and costs, no part of which has ever been paid. This action against defendant stockholders was commenced on January 13, 1915, which was more than three years after the execution and delivery of the lease, but, it may be conceded, within three years after the alleged breach of the covenant of the lease relied on. The trial court found that this action was barred by the statute of limitations, because not brought within three years after the date of the execution of the lease.

We are satisfied that in view of the well-settled law in this state in regard thereto it must be held that the conclusion of the lower court that the action is barred by the statute of limitations was correct. The particular statute applicable is section 359 of the Code of Civil Procedure, which requires than an action against a stockholder to enforce a liability created by law must be brought within three years after "the liability was created." [1] It is thoroughly settled that the liability of a stockholder created by section 3, article XII, of the constitution, and section 322 of the Civil Code, "for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association," is a liability created by law within the meaning of section 359 of the Code of Civil Procedure, and that an action upon this primary and independent liability must be brought within the time specified therein, i. e., within three years after the liability was created. [2] In *Hunt* v. *Ward*, 99 Cal. 612, 615, [37 Am. St. Rep. 87, 34 Pac. 335, 336], this court said: "Of course, there is a clear and wide distinction between the creation of a liability and the accruing of a cause of action thereon; and section 359, *ex industria*, emphasizes that distinction. A liability may be absolute or contingent; it may be unconditional or limited; it may be presently enforceable by action, or there may be time given for its performance; but whatever its character, it is created by the consummation of the contract, act, or omission by which the liability is incurred." This has been

repeatedly approved and is settled law in this state. (See *Gardiner* v. *Royer*, 167 Cal. 238, 240, [139 Pac. 75], and cases there cited.) It is not disputed by counsel on this appeal. The question to which appellants devote their argument is as to *when* the liability of the Belmore Land and Water Company, in respect to the matter here involved, was contracted or incurred, for admittedly the liability of the then stockholders sprang into existence at the very moment of the contracting or incurring of the liability by the corporation—in other words, was "created" at that very moment—and was barred by the provisions of section 359 of the Code of Civil Procedure, upon the expiration of three years therefrom without action instituted against the stockholders. **[3]** This is true altogether regardless of the judgment obtained against the corporation, which did not create a new liability or extend the time prescribed by the statute for bringing suit against the stockholders. (See *Hyman* v. *Coleman*, 82 Cal. 650, [16 Am. St. Rep. 178, 23 Pac. 62]; *Stilphen* v. *Ware*, 45 Cal. 110; *Larrabee* v. *Baldwin*, 35 Cal. 155.)

When was the liability of the corporation which is here involved contracted or incurred? As we have seen, the claim of plaintiffs against the corporation is necessarily for damages for breach of a covenant contained in their contract of lease with such corporation, a claim *on the contract* for damages for a breach thereof. There is no semblance of merit in the suggestion of counsel for appellants that the claim is not on the contract of lease, but is one "upon an implied contract created by law," etc., subsequent to the execution of the lease, and nothing said in *Yule* v. *Bishop*, 133 Cal. 574, [62 Pac. 68, 65 Pac. 1094], or in *Coulter Dry Goods Co.* v. *Wentworth Hotel Co.*, 171 Cal. 500, [153 Pac. 939], in discussing *Yule* v. *Bishop*, supports counsel in this regard. The decision in *Yule* v. *Bishop, supra,* was based upon the ground that under our statutes and decisions the original obligation of the corporation had been *extinguished by payment* by the indorser of a note of the corporation, such a payment by a surety being held to be "full performance" of the obligation within the meaning of section 1473 of the Civil Code. Hence, as was said in *Coulter Dry Goods Co.* v. *Wentworth, supra,* in commenting upon that case, "the liability sued upon was not that which the corporation in-

curred when it signed the note—this liability having been extinguished by payment—but . . . was upon a new liability arising at the time of the payment of the note by the indorser.'' Of course, there is no analogy between such a case and one where a plaintiff's only possible claim is for damages for a breach of an obligation created by a contract which has in no way been performed or extinguished. The narrow question remaining here is whether such a liability on the part of the corporation is incurred at the time of the execution of the contract or at the time of the breach, or possibly at the time the damage is suffered. In the light of the views announced in the leading case of *Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 34 Pac. 335], and the long line of cases following and approving the doctrine there enunciated, culminating in the comparatively recent case of *Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500, [153 Pac. 939], where the cases were reviewed and the matter exhaustively considered, we deem this question no longer open to discussion. The *liability* of the corporation to respond in damages for any failure to perform the covenants contained in its contract was necessarily created or incurred by the execution of the contract, notwithstanding that no right of action could accrue until a breach. We have already seen (*Hunt* v. *Ward, supra*) that whatever the character of the liability, whether absolute or contingent, unconditional or limited, presently enforceable by action or not, ''it is created by the consummation of the contract, act, or omission by which the liability is incurred.'' Here, the liability being created by contract, it was the consummation of the contract that created the liability. Counsel for appellants rely upon the words ''act or omission'' contained in the quotation from *Hunt* v. *Ward, supra,* as declaring that the omission of the corporation to perform may be taken as the time of the incurring of the liability, but manifestly those words have no application where, as here, the liability is one created by contract. The words ''contract, act, or omission'' are used distributively, as indicating possible different sources of liability, such as contract, negligence, etc. Here the source of liability was the contract. As said in *Coulter Dry Goods Co.* v. *Wentworth, supra* (see 171 Cal. 510, [153 Pac. 943]), *when the corporation* made its contract with the plaintiffs, it *''incurred a liability for any breach of the contract which*

*it might commit,* and its stockholders were equally liable for such breach. The stockholders *who were such when the contract was made* are, therefore, bound under the constitution, which holds them for the 'liability' incurred by the corporation during the time that they were stockholders.'' (The italics are ours.)

The case of *Johnson* v. *Bank of Lake,* 125 Cal. 6, [73 Am. St. Rep. 17, 57 Pac. 664], relied on by appellants, was overruled by this court in *Coulter Dry Goods Co.* v. *Wentworth, supra,* as not being in accord with the other adjudicated cases on this subject. Much reliance is placed by appellants on *Johnson* v. *Hinkel,* 29 Cal. App. 78, [154 Pac. 487], which, it may be conceded, does sustain their claim as to when the liability was incurred (see 29 Cal. App. 80, 82, [154 Pac. 488, 489]), the district court of appeal practically holding that the liability of the corporation was created by its act in violating a covenant in the lease held by it, and that the plea of the statute of limitations on the part of the defendants was not sustained. This particular matter, which is only very briefly discussed in the opinion of the district court of appeal, was not brought to the attention of this court in the petition for hearing by this court which was filed by the plaintiff, and passed unnoticed. On this point the decision of the district court of appeal is absolutely opposed to what was held by us in *Coulter Dry Goods Co.* v. *Wentworth, supra,* which was decided within a few weeks after *Johnson* v. *Hinkel, supra,* was decided, and cannot be followed.

[4] From what we have said it follows that the learned judge of the trial court was correct in his conclusion that plaintiffs' action against defendant stockholders was barred by the statute of limitations. In view of our conclusion on this branch of the case, it is unnecessary to determine whether the judgment against the corporation afforded sufficient proof in this action against the stockholders of the allegation of the complaint relative to the breach of the covenant in the lease and the damage suffered by, plaintiffs.

The judgment is affirmed.

Shaw, J., Wilbur, J., Lennon, J., Lawlor, J., and Kerrigan, J., *pro tem.,* concurred.

OLNEY, J., Concurring.—I concur in the main opinion. I think, however, it should be said, in addition, that the statement that the date of the incurrence of the contractual obligation by a corporation is the date of the contract has reference only to those cases wherein an obligation, either absolute or contingent, is assumed by the corporation by the very making of the contract itself. This is true in the great generality of cases, but there are not infrequently cases where it is not true. Instances are not uncommon of contracts which, when made, are purely unilateral and under which one of the parties assumes no obligation whatever until the happening of some event entirely within the control of such party. An example is where a contract is made to sell upon certain fixed terms such specified goods or articles as the vendee may subsequently order. Under such a contract no obligation is incurred by the vendee until an order for the goods is given, and if the vendee is a corporation, the statute of limitations as to the liability of its stockholders for the price of the goods will begin to run from the date of the order and not from the date of the original contract.