[Civ. No. 3098.    First Appellate District, Division Two.—March 8, 1920.]

## M. GERTRUDE SPEARMAN KEMPTON et al., Respondents, v. FLORIBEL LAND AND IMPROVEMENT COMPANY (a Corporation), et al., Defendants; CERF ROSENTHAL et al., Appellants.

[1] VENDOR AND VENDEE—INABILITY OF VENDOR TO CONVEY—REMEDIES OF VENDEE.—When it becomes clear that the vendor will not or cannot convey in accordance with the terms of his contract, the vendee may sue for damages for the breach, or he may sue in equity for specific performance or alternative damages, or he may treat the contract as rescinded by consent and sue at law for the money theretofore paid on account of the purchase price of the land, to be recovered not as damages but as money had and received by the defendant to the use of the plaintiff.

[2] ID.—RESCISSION—ACTION TO RECOVER MONEY PAID—STOCKHOLDERS' LIABILITY—STATUTE OF LIMITATIONS.—Where the vendees under a contract for the sale of certain real property tender the balance due but the corporation vendor refuses to convey, and is unable to do so, and the vendees elect to treat such inability and refusal as a rescission by the corporation and sue for the money theretofore paid on account of the purchase price, such action is not on the original contract upon which the obligation of the stockholders, as well as of the corporation vendor, was fixed at its date, but upon an entirely new obligation to repay the plaintiffs money which was not incurred until the plaintiffs elected to relieve the corporation from the old obligation.

APPEAL from a judgment of the Superior Court of Marin County. Edgar T. Zook, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert Picard for Appellants.

Clarence E. Todd for Respondents.

BRITTAIN, J.—The appeal is on the judgment-roll. The only matter to be determined is whether or not the

---

2. Accrual of right of action to put statute of limitations into operation as to stockholder's liability for corporate debts, notes, 10 L. R. A. (N. S.) 897; L. R. A. 1917E, 397.

plaintiff's cause of action was barred as to appealing stockholders of the defendant corporation under facts appearing in the complaint and findings. .

The plaintiffs sued the corporation and the two principal stockholders. It was alleged that in 1911 the corporation entered into a contract, set forth as an exhibit, to convey to the plaintiffs, upon their payment in installments of $750, a lot of land in Marin County. Payments aggregating $675 were made under the contract and on July 16, 1917, the plaintiffs tendered the balance, demanding conveyance. The defendant corporation refused to convey and it cannot do so. It was alleged "that plaintiffs now elect to treat said inability and refusal of said defendant to perform said contract, as a rescission by said defendant, Floribel Land and Improvement Company, a corporation, of said contract, as of date July 16, 1917." It was further alleged that up to the date of the so-called rescission the plaintiffs had performed all the obligations of the contract binding on them, and that in performance of the contract they had paid to the corporation the various sums of money aggregating $675, "which said sums by said inability and refusal of defendant as aforesaid became and are the property of these plaintiffs, in the hands of the defendant corporation." The prayer was in terms for the return of the money paid with interest from the respective dates of payment. The findings, conclusions of law, and judgment followed the allegations of the complaint, except that interest was allowed on the aggregate amount of the payments from July 16, 1917. By demurrer the appellants pleaded the bar of the statute of three years against stockholders' liability. (Code Civ. Proc., sec. 359.)

The code section has received frequent consideration by the supreme court in cases which have made familiar the clear distinction between the accrual of a cause of action on an existing obligation of the corporation and the incurring of the liability of the obligation by the corporation, from which latter point the time begins to run in favor of the stockholder on his collateral statutory liability. Under these cases the bar of the statute may be raised in favor of the stockholder before suit can be brought on an original contract of the corporation which does not mature or is not

broken by the corporation until more than three years after its date when the obligation is incurred. These cases were collected and reviewed in a very recent decision. (*Chambers* v. *Farnham,* 182 Cal. 191, [187 Pac. 732].)

In that case the suit was against the stockholders only, a prior judgment against the corporation being relied upon as establishing the amount of damages suffered by the plaintiffs from injuries caused their crops by the breach of a condition of a lease from the corporation to them. In reliance upon two other cases the plaintiffs in that case contended the statute had not run against the stockholders because, they asserted, the action was upon an implied contract which arose at the time the damages were sustained. Commenting on this claim, in his able opinion, Mr. Chief Justice Angellotti said: "Nothing said in *Yule* v. *Bishop,* 133 Cal. 574, [62 Pac. 98, 65 Pac. 1094], or in *Coulter Dry Goods Co.* v. *Wentworth Hotel Co.,* 171 Cal. 500, [153 Pac. 939], in discussing *Yule* v. *Bishop,* supports counsel in this regard. The decision in *Yule* v. *Bishop, supra,* was based upon the ground that under our statutes and decisions the original obligation of the corporation had been *extinguished by payment* by the indorser of a note of the corporation, such payment by a surety being held to be 'full performance' of the obligation within the meaning of section 1473 of the Civil Code. . . . Of course, there is no analogy between such a case and one where the plaintiff's only possible claim is for damages for a breach of an obligation created by a contract which has in no way been performed or extinguished." (*Chambers* v. *Farnham,* 182 Cal. 191, [187 Pac. 733].)

The present case is not one where the plaintiffs' only possible claim is for damages for the breach of the obligation, nor was the obligation one which had not been extinguished. [1] When it becomes clear that the vendor will not or cannot convey in accordance with the terms of his contract, the vendee may sue for damages for the breach, or he may sue in equity for specific performance or alternative damages, or he may treat the contract as rescinded by consent and sue at law for the money theretofore paid on account of the purchase price of the land, to be recovered not as damages, but as money had and received by the de-

fendant to the use of the plaintiff. If the plaintiff is willing to waive all claims for equitable relief and for damages, the contract is extinguished as fully as it might have been by full performance. (Civ. Code, secs. 1689, 1691.) As was said in an opinion written by Mr. Justice Shaw, in 1917: "The general rule, where performance of a contract to convey is due and the vendor refuses to perform it, or fails to perform on being duly requested to do so, is that the vendee may, if he chooses, treat such breach as an abandonment and termination of the contract and may then abandon it himself, and, 'the contract having thus come to an end, he may sue at law to recover what he has paid, in an action for money had and received; for the contract being at an end the vendor holds the money of the vendee to which he has no right and to repay which, therefore, the law implies his promise.'" (*San Diego Construction Co.* v. *Mannir,* 175 Cal. 548–553, [166 Pac. 325, 327].) **[2]** In such a case the action is not on the original contract upon which the obligation of the stockholders, as well as of the corporation, was fixed at its date, but upon an entirely new obligation to repay the plaintiffs money which was not incurred until the plaintiffs elected to relieve the corporation from the old obligation. (*Thomas* v. *Pacific Beach Co.,* 115 Cal. 141, [46 Pac. 899]; *Hayt* v. *Bentel,* 164 Cal. 680–685, [130 Pac. 432].) "A cause of action is not upon a contract founded upon an instrument in writing, within the meaning of the code, merely because it is in some way remotely or indirectly connected with such an instrument, or because the instrument would be a link in the chain of evidence establishing the cause of action. In order to be founded upon an instrument in writing, *the instrument must itself contain a contract to do the thing for the nonperformance of which the action is brought.*" (*McCarthy* v. *Mt. Tecarte Land Co.,* 111 Cal. 328, [43 Pac. 956].)

These authorities show that the present case is within the reason of the rule announced in *Yule* v. *Bishop,* 133 Cal. 574, [62 Pac. 68, 65 Pac. 1094], and not within that on which *Chambers* v. *Farnham,* 182 Cal. 191, [187 Pac. 732], was decided. The action was not on the old obligation to convey but on the new obligation to repay money to which the plaintiffs were entitled. The action was brought within

three years from the time that obligation was incurred by the corporation and the stockholders incurred as principals the same obligation at the same time. The application of these rules in this particular case works no injustice. The appellant stockholders in the form of a corporation in effect were carrying on what in substance amounted to a limited partnership. When the original contract was made, when the plaintiffs during a period of six years were paying to the corporation the small installments on the purchase price of the lot, when the corporation refused either to convey or to pay back the plaintiffs' money, and up to the time of the judgment, the appellants in equal shares owned 29,980 shares of the 30,000 shares into which the corporate stock was divided. The appellants had the benefit of the payments and should repay to them the plaintiffs' money as required by the judgment. It was in accordance with the law and is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 6, 1920.

Angellotti, C. J., Shaw, J., Wilbur, J., and Lennon, J., concurred.

Olney, J., dissented.