[Civ. No. 3316. Second Appellate District, Division Two.—June 8, 1921.]

# A. S. BRIDGES, Respondent, v. IDA J. FISK, Appellant.

[1] CORPORATIONS—STOCKHOLDER'S LIABILITY—NATURE OF—DATE OF COMMENCEMENT.—The stockholder's liability under our statute is a separate and independent one, commencing with and dependent upon the original indebtedness of the corporation; and no new liability on the part of the stockholder upon the original obligation is created by a judgment against the corporation upon such indebtedness.

[2] ID.—SALE OF AUTOMOBILE—BREACH OF CONTRACT—RESCISSION—RIGHT TO RETURN OF MONEY.—Where the vendor under a contract for the sale of an automobile fails and neglects to deliver an automobile as contracted for, within the time agreed upon, there then accrues to the vendee the right to rescind his agreement to purchase; and upon such rescission, and not before, he is entitled to a return of the money advanced by him on the purchase price.

[3] ID.—STATUTE OF LIMITATIONS — DATE OF COMMENCEMENT. — The stockholder's statutory liability accrues at the inception of the corporation's liability, and it is from that date that the three-year period within which the stockholders must be sued commences to run.

[4] ID.—STATUTORY LIABILITY OF STOCKHOLDERS—JUDGMENT AGAINST CORPORATION — CONDITION PRECEDENT. — Recovery of a judgment against the corporation is not required as a condition precedent to an action against the stockholders on their statutory liability.

[5] ID. — ACTION AGAINST STOCKHOLDERS — ADMISSION OF JUDGMENT AGAINST CORPORATION—ERROR WITHOUT PREJUDICE.—In an action against the stockholders of a corporation based upon their statutory liability, the admission in evidence of the judgment-roll in an action against the corporation upon the same indebtedness, if error, is without prejudice to the defendants, where, independently of such judgment, the indebtedness of the corporation is fully established by other uncontradicted evidence.

[6] ID.—CONTRADICTION OF JUDGMENT—FAILURE TO OFFER EVIDENCE.— Where such judgment-roll was admitted, and the trial court had not definitely ruled, as a finality, that no evidence would be re-

3. Limitation of action to enforce stockholders' liability, note, 3 Ann. Cas. 505.

4. Necessity of exhausting remedy against corporation before enforcing stockholders' liability, notes, 2 Ann. Cas. 28; 16 Ann. Cas. 1152.

ceived to contradict the judgment as evidence of the corporation's indebtedness to plaintiff, it was incumbent upon the defendant to make a formal offer of proof and invite a ruling thereon; and having neglected to do so, she cannot on appeal excuse her failure to offer any evidence in her behalf.

[7] ID.—JUDGMENT AGAINST CORPORATION—LIABILITY OF STOCKHOLDERS FOR COSTS.—In an action against the stockholders of a corporation based upon their statutory liability, the plaintiff is entitled to recover from each stockholder, not only his proportionate share of the original indebtedness, but also his proportionate share of the costs taxed against the corporation as a part of a judgment previously obtained against the corporation based upon such original indebtedness.

[8] ID.—JUDGMENT—INTEREST.—In such action, the plaintiff is entitled to recover from each stockholder his proportionate share of the original indebtedness together with simple interest thereon from the date plaintiff was entitled to the payment of the money to the date of the judgment against the stockholder, but plaintiff is not entitled to recover interest on the original indebtedness from the date he was entitled to the payment of the money to the date of the judgment against the corporation and then interest on that interest from that date to the date of judgment against the stockholder.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Charles B. McCoy for Appellant.

Haines & Haines for Respondent.

FINLAYSON, P. J.—In this action against certain stockholders upon their statutory liability, plaintiff seeks to recover from each his or her proportionate share of an alleged indebtedness contracted by the Tefft Motor Car Company, a California corporation. Judgment went for plaintiff and defendant Ida J. Fisk appeals.

The evidence discloses the following: On July 15, 1915, plaintiff and the corporation entered into a written contract—evidenced by the former's written offer and the latter's written acceptance—whereby plaintiff agreed to purchase of the corporation a certain automobile for $7,500.

The contract provided that the automobile was to conform to certain written specifications indorsed thereon. Plaintiff, at the date of the contract, advanced $750 on account of the purchase price. The balance was to be paid when the car should be received by the corporation at its garage in San Diego. On March 11, 1916, the corporation delivered an automobile to plaintiff, which, after an inspection, he, on March 13, 1916, redelivered upon the ground that it did not comply with the agreed specifications. About two weeks thereafter, namely, on March 29, 1916, the corporation having failed to deliver to him a car conforming to the requirements of the contract, plaintiff demanded a return of the $750 that he had deposited as part payment on the purchase price. The corporation having refused to return his deposit to him, plaintiff brought an action against it in the superior court for San Diego County to recover said sum of $750. On September 20, 1918, he recovered judgment in that action for the amount sued for, together with interest thereon at the legal rate, and $28.75 as costs. Ever since January 7, 1915, appellant has been the owner of 985 shares of the corporation's capital stock. At that date, and at all times since, the total of the subscribed capital stock has been 1,000 shares.

Appellant contends that the complaint does not state facts sufficient to constitute a cause of action. The complaint, as amended, after alleging facts showing that, at all times since January 7, 1915, the total subscribed capital stock of the Tefft Motor Car Company has been 1,000 shares, and that appellant, during all of that time, has owned 985 shares, avers: "That on the twenty-ninth day of March, 1916, the said corporation became indebted to plaintiff in the sum of $750 in consideration of said sum of money theretofore deposited by plaintiff with said corporation to apply on the purchase price of a certain Locomobile car which said corporation contracted with plaintiff to build for him and to deliver to him not later than March 13, 1916. That said corporation failed and neglected to deliver a car such as was called for by such contract by March 13, 1916, or at any time; and that on the twenty-ninth day of March, 1916, the plaintiff rescinded said contract of purchase and made demand upon said corporation for repayment of said sum of $750, but that neither said corporation nor anyone has repaid any part of said sum to plaintiff, and that the

same with interest from March 20, 1916, remains entirely unpaid. That on the twentieth day of September, 1918, the plaintiff recovered judgment against said corporation upon said cause of action . . . for the said sum of $750 and interest to the date of said judgment in the sum of $879.75 debt and $28.75 costs, total, $908.50; and that the same remains entirely unpaid.''

The gist of appellant's objection to the complaint is that it does not state a cause of action upon the original indebtedness, but that, instead, it attempts to state a cause of action upon the judgment against the corporation. [1] If the averments of the complaint justified any such criticism, then unquestionably that pleading would fall short of a statement of a cause of action on appellant's statutory liability as a stockholder; for the stockholder's liability under our statute is a separate and independent one, commencing with and dependent upon the original indebtedness. No new liability on the part of the stockholder upon the original obligation is created by a judgment against the corporation. (*Hyman* v. *Coleman,* 82 Cal. 653, [16 Am. St. Rep. 178, 23 Pac. 62].) But we can see no justification for the claim that the complaint does not state a cause of action upon the original indebtedness. All reference to the judgment might be omitted, and still leave the complaint averments sufficient to state a cause of action against the defendants as stockholders. That is to say, there would be left the averments that, on March 29, 1916, the corporation became indebted to plaintiff in the sum of $750; that said sum had been deposited by plaintiff with the corporation as part payment on the purchase price of the automobile; that the corporation failed and neglected to deliver the car within the time agreed upon; and that on March 29, 1916, plaintiff rescinded the contract of purchase and demanded the return of his advance payment. These averments suffice to show that on March 29, 1916, appellant, as a stockholder, became indebted to respondent for her proportionate share of the $750. [2] For if, as alleged in the complaint, the corporation failed and neglected to deliver an automobile as contracted for, within the time agreed upon, there then accrued to respondent the right to rescind his agreement to purchase. (*Mettler* v. *Vance,* 30 Cal. App. 499, [158 Pac. 1044]; *Hallidie* v. *Sutter St. R. R. Co.,* 63 Cal.

575; *Condley* v. *Consolidated L. Co, ante,* p. 8, [200 Pac. 69]; 24 R. C. L., pp. 272, 273, sec. 551; subd. 2, sec. 1689, Civ. Code.) Upon such rescission, and not before, respondent was entitled to a return of the money advanced by him on the purchase price. (24 R. C. L., p. 65, sec. 331.) The contract of sale, upon its rescission, ceased to exist, and thereupon respondent became entitled to bring an action of *indebitatus assumpsit* as for money had and received, namely, money paid to the corporation for which, in view of the terms of the contract, plaintiff as the purchaser, had received no consideration. (*Lemle* v. *Barry,* 181 Cal. 1, [183 Pac. 150]; *Hayt* v. *Bentel,* 164 Cal. 685, 686, [130 Pac. 432]; *Glock* v. *Howard etc. Co.,* 123 Cal. 10, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *San Diego Const. Co.* v. *Mannix,* 175 Cal. 553, 554, [166 Pac. 325].) And that part of the complaint against appellant which is designed to show that the corporation, upon the rescission of the contract, became indebted to respondent, could be cast in the form of a common count in *assumpsit.* (*Castagnino* v. *Balletta,* 82 Cal. 250, 258, [23 Pac. 127]; *Minor* v. *Baldridge,* 123 Cal. 187, [55 Pac. 783]; *Dubois* v. *Delaware etc. Co.,* 4 Wend. (N. Y.) 285.)

It is contended that appellant's statutory liability as a stockholder attached as of the date of the execution of the contract of sale, July 15, 1915. And since this action was not commenced until January 3, 1919, or more than three years after the execution of the contract, it is claimed that any cause of action against appellant is barred by the statute of limitations—section 359 of the Code of Civil Procedure.

If it were true that the liability here sought to be enforced accrued upon the execution of the contract of sale, then unquestionably respondent's cause of action would be barred. **[3]** For it is the settled doctrine in this state that the stockholder's statutory liability accrues at the inception of the corporation's liability, and that it is from that date that the three-year period within which the stockholders must be sued commences to run. (*Hunt* v. *Ward,* 99 Cal. 612, [37 Am. St. Rep. 87, 35 Pac. 335]; *Coulter Dry Goods Co.* v. *Wentworth,* 171 Cal. 500, [153 Pac. 939]; *Chambers* v. *Farnham,* 182 Cal. 191, [187 Pac. 732].) But appellant is in error in assuming that the liability which

is the basis of respondent's right to recover the $750 had its inception upon the execution of the contract of sale. Any such claim is fully answered by the case of *Kempton* v. *Floribel L. & I. Co.*, 46 Cal. App. 456, [189 Pac. 478], where it was held that the stockholder's liability in a case such as this is not created by the original contract. It was there held that the original contract is extinguished by the rescission, and that the liability for the return of the advance payment arises out of an entirely new obligation— an obligation to repay money to which the plaintiff becomes entitled under a promise to repay implied by law upon the rescission of the contract of sale. A petition to the supreme court to hear and determine that cause after judgment of the district court of appeal was denied. The decision, therefore, possesses all the authority of a pronouncement by the supreme court itself. (See, also, *Taber* v. *Piedmont Heights Bldg. Co.*, 25 Cal. App. 222, 230, [143 Pac. 319], and *Thomas* v. *Pacific Beach Co.*, 115 Cal. 136, [46 Pac. 899].)

Appellant assigns as error the action of the trial court in permitting respondent to put in evidence, over appellant's objection, the judgment-roll in the action against the corporation. Unless that judgment, in so far as it adjudges that the plaintiff there, the respondent here, recover costs from the corporation, constitutes, as to such costs, an original, separate, and independent liability of the corporation, for which its stockholders are likewise primarily liable on their statutory liability—a question presently to be considered—there, is grave doubt as to its admissibility to prove any liability on appellant's part as a stockholder. [4] Under our statute no recovery of a judgment against the corporation is required as a condition precedent to an action against the stockholder on his statutory liability. The stockholder is not a surety of the corporation, but a principal debtor; his obligation is not secondary, but original and primary; and though his liability must have its origin and inception in some act of the corporation, it is distinct and separate from that of the corporation. The stockholder's liability, with which, after its accrual, the corporation has nothing to do, is strictly a matter between the creditors of the corporation and the stockholders, not as corporators but as individuals. For these reasons we

doubt if, under a statute such as ours, the corporation has the right or power to represent its stockholders as to this individual, original, and primary liability. Though the question was presented to our supreme court in *Chambers v. Farnham, supra,* it was not found necessary to determine whether the judgment against the corporation afforded proof against the stockholder in the action upon his statutory liability. The question was, however, directly passed upon in *Ellsworth v. Bradford,* 32 Cal. App. Dec. 50, [see, also, 186 Cal. 316, 199 Pac. 335], where it was held that under our statute, creating, as it does, a primary liability on the part of the stockholder, the creditor must prove the facts out of which the stockholder's liability arises, independently of any judgment that he may have recovered against the corporation. (See, also, *Tripp'e v. Huncheon,* 82 Ind. 307, and 14 Corpus Juris, pp. 1064, 1065.)

[5] However, granting that the judgment against the corporation was inadmissible, the error is not prejudicial. No substantial right of appellant was prejudicially affected. For, independently of the judgment, the indebtedness of the corporation, and appellant's liability for her proportionate share thereof, accruing upon respondent's rescission of the contract of sale and his demand for the return of his $750, was fully established by uncontradicted evidence, both oral and documentary. For this reason, the error, if the admission of the judgment was error, was entirely harmless, and therefore not ground for reversal. (*Mitchell v. Beckman,* 64 Cal. 117, 123, [28 Pac. 110] ; *McGowan v. McDonald,* 111 Cal. 57, 69–71, [52 Am. St. Rep. 149, 43 Pac. 418] ; *Borland v. Haven,* 37 Fed. 394, 413, 414.)

[6] Upon the conclusion of respondent's case in chief, appellant's counsel, addressing the court, said: "I have no testimony to offer but I want to be heard upon the question of the judgment." Appellant now claims that the only reason why she offered no evidence was because certain remarks made by the court when ruling upon the admissibility of the judgment and its effect as evidence led her counsel to believe that the court had definitely ruled, as a finality, that no evidence would be received to contradict the judgment as evidence of the corporation's indebtedness to respondent. There is no merit in this claim. From the language of appellant's counsel, quoted *supra,* it

is quite evident that the rulings of the court upon the admissibility of the judgment and its effect as evidence were not accepted by him as final. Counsel's language shows that, at the very time when formally announcing that he had no testimony to offer, he regarded the admissibility of the judgment as an open question upon which he desired to be heard. We think, therefore, that under these circumstances it was incumbent upon appellant to make a formal offer of proof in the court below and invite a ruling thereon; and that having neglected to do so, she is not now in a position to excuse her failure to offer any evidence in her behalf. In fact, we have here, not a mere failure to offer evidence, but appellant's affirmative declaration, through her counsel, in open court, that "I have no testimony to offer."

[7] The judgment against the corporation, entered September 20, 1918, was for the total sum of $980.25, made up of the following amounts: the $750 sued for; interest on that amount to the date of that judgment, at the legal rate of interest, from March 29, 1916, the date of plaintiff's rescission of the contract; and $28.35, the costs taxed against the defendant corporation. In the present action, the court gave judgment against appellant in the sum of $695.30, besides respondent's costs. Appellant, it will be recalled, at all times since and prior to March 29, 1916, has been and is the owner of 985 out of a total subscription of 1,000 shares; and the $965.30 adjudged against her is .985 of a sum made up of the amount of the judgment recovered by respondent against the corporation, namely, said sum of $980.25, plus interest on that amount, at the legal rate of interest, from the date of the judgment against the corporation to the date of the judgment against appellant in this action. In other words, appellant has been charged with a part of the costs that were taxed against the corporation and also with a part of the interest that entered into and made up the total amount of the judgment against the corporation. Appellant contends that she is not liable for any part of said costs nor for any part of said interest.

We think that respondent is entitled to recover from appellant her proportionate share of the costs that were taxed against the corporation.. It is true that, in so far as appellant's liability for her proportionate share of the

original indebtedness of $750 is concerned, the action against her is not based upon the judgment against the corporation but upon her original and primary obligation to pay her proportionate share of that original indebtedness. But, when respondent recovered his judgment against the corporation, a new liability for a wholly separate and distinct sum of money accrued against the then existing stockholders, namely, a liability for the costs for which the corporation, upon the recovery of the judgment against it and not before, became liable as upon a new and original obligation. (*Fleeson* v. *Savage Silver Min. Co.*, 3 Nev. 157, 161, 162.) As said by the supreme court of Michigan in *Grand Rapids Sav. Bank* v. *Warren*, 52 Mich. 557, [18 N. W. 356], "the liability of the stockholder is commensurate with that of the corporation itself, and extends to the . . . costs on the judgment."

[8] We think, however, that the judgment against appellant is erroneous in so far as it charges her with any portion of the interest that was recovered by respondent in his action against the corporation. Beyond doubt, appellant is liable for simple interest on the $750, at the rate of seven per cent per annum from the date of respondent's rescission of the contract and demand for the return of his deposit to the entry of the judgment in the present action. (*Knowles* v. *Sandercock*, 107 Cal. 629, 640, 641, [40 Pac. 1047]; *Wells Fargo & Co.* v. *Enright*, 127 Cal. 669, 675, [49 L. R. A. 647, 60 Pac. 439]. See 19 L. R. A. (N. S.) 428 et seq., note to *Flynn* v. *American Banking & T. Co.*). But the net result of the course pursued by the court below is to charge appellant with compound interest. She is charged with a proportionate share of interest on the sum of $750 from the date when she became liable for her part of that sum, March 29, 1916, to the date of the entry of the judgment against the corporation on September 20, 1918; and she likewise is charged with interest on .985 of that judgment from the date thereof to the date of the entry of judgment against her in this action. In other words, she is charged with interest on interest from the date of the judgment against the corporation. This, manifestly, is erroneous. For this reason it will be necessary to direct the trial court so to reduce the amount of the judgment that appellant will be charged with no more than her

proportionate share of simple interest on the sum of $750 from March 29, 1916, to the date of the entry of judgment in this action. This will effect such a comparatively slight change in the amount of the judgment against appellant that we do not think it should be taken into consideration in taxing the costs of this appeal.

What we already have said disposes of every legal principle involved in this appeal, and, therefore, no other assignment of error requires analysis or discussion.

The trial court is directed to modify the judgment to conform to the views expressed herein, i. e., to so modify the judgment that appellant will not be charged with compound interest. As so amended the judgment is affirmed, with costs of this appeal taxed against appellant.

Works, J., and Craig, J., concurred.