TAYLOR, appellant, *v.* ASHBY, respondent.

STATUTORY CONSTRUCTION — *license of "insurance company agent."* An act of the legislative assembly of the Territory, approved May 8, 1873, provides that "there shall be levied and collected by the tax collector a license tax  *  *  *  for each and every insurance company agent or agencies, transacting business in this Territory, the sum of one hundred and fifty dollars per year." *Held,* that every person, who is the agent of an insurance company, must pay this license, and that an insurance company is not liable therefor. *Held, also,* that the number of insurance companies having the same agent does not affect his license, which cannot exceed "one hundred and fifty dollars per year."

*Appeal from Third District, Lewis and Clarke County.*

THE judgment was rendered by WADE, C. J.

J. K. TOOLE, district attorney, third district, and CHUMASERO & CHADWICK, for appellant..

Under the act concerning licenses, approved January 10, 1872, it was the intention of the legislative assembly to require every insurance company in the Territory to pay a license of $80 per annum. Cod. Sts. 585, § 1. In 1873, the act was amended by increasing the license from $80 to $150. The comma after the word "company" is omitted in the act as printed. It was the intention of the legislative assembly to increase the license of insurance companies, and not enable them by employing the same agent to avoid payment of taxes. If it clearly appears that it was intended to insert a comma after "company," this court in its construction should insert it. Sedgwick on Statutory Law, 230–3; *People* v. *Utica Ins. Co.,* 19 Johns. 358; *Smith* v. *People,* 47 N. Y. 336; Bacon's Abr., "Statutes;" *Smith* v. *Helmer,* 7 Barb. 420; *Murray* v. *N. Y. C. R. R. Co.,* 3 Abb. 342.

The court should examine other statutes of the same legislative body on the same question and construe them *in pari materia. In re Washington Park,* 52 N. Y. 137; *Tallman* v. *Syracuse R. R. Co.,* 4 Abb. 351; *United States* v. *Freeman,* 3 How. (U. S.) 564.

If the comma is omitted, the sentence will be rendered meaningless and ungrammatical, and therefore it should be supplied by the court.

Another act of the same assembly in 1873 provides that this license shall be assessed against the companies and not the agencies. Sts. Ex. Sess., 1873, 133. This act may be examined in construing the statute in question.

I. B. PORTER, for respondents.

The words "insurance company" are descriptive of the agency required to pay license. This court cannot change the punctuation, but must ascertain what is contained in the statute. It cannot insert what has been omitted. Code Civ. Pr., § 612. This statute must prevail over any rule of construction not in harmony with it. The change in the act in 1873 was designed to encourage insurance companies to do business in this Territory. It is the right of every person to carry on a legitimate business. If the statute can be interpreted in two ways, it must be construed in favor of such right. Code Civ. Pr., § 620.

BLAKE, J. The court below rendered judgment upon the following facts, which were agreed upon by the parties. The appellant is the treasurer and collector of Lewis and Clarke county. The respondents are partners and agents of two foreign insurance companies, and refuse to take out a license to do business for each of said companies, but are willing to pay one license as general insurance agents. The court entered judgment that the appellant recover one license for all the business of the respondents. We are required to review this ruling.

The act concerning licenses, approved January 10, 1872, provided that there should be levied and collected a license tax " for each and every insurance company, agent or agencies transacting business in this Territory, the sum of $80 per year." Cod. Sts. 585, § 1. This section was repealed by an act, approved May 8, 1873, which is as follows: " There shall be levied and collected by the tax collector a license tax * * * for each and every insurance company agent or agencies, transacting business in this Territory, the sum of $150 per year." We are called

upon to give the proper construction of the last law, under which the appellant claims that each agent of an insurance company must pay a license tax of $150 per year in order to transact business for the company. We have examined the original statute, and find that the chief difference between these sections, which affects their interpretation, is in the punctuation. In the act approved in 1872, there is a comma after the word "company," and in the repealing act, there is no comma after this word in the same clause.

If this statute were ambiguous, doubtful or uncertain, and it were necessary to carry into effect the intention of the legislative assembly, we might insert the comma after the word, "company." But the language is plain and definite and there is no room for construction. *Smith* v. *Williams*, 2 Mon. 195; *Davis* v. *Clark*, id. 394. The license tax has been levied upon the business of the agent or agencies, regardless of the number of insurance companies for which he or they may be authorized to act. If the comma is inserted after the word "company," we would be compelled to hold that such an agent must pay a license tax for each insurance company that he represents. The Code of Civil Procedure prescribes the following rule for our guidance : " In the construction of a statute * * * the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." § 612.

We are aware of the rule that the punctuation of a statute or written instrument is entitled to slight weight in its construction. In *Ewing* v. *Burnet*, 11 Pet. 41, Mr. Justice BALDWIN says: " Punctuation is a most fallible standard by which to interpret a writing; it may be resorted to when all other means fail; but the court will first take the instrument by its four corners, in order to ascertain its true meaning; if that is apparent on judicially inspecting the whole, the punctuation will not be suffered to change it." We have already stated that the meaning of the statute is clear without the comma ; and if it had been omitted by the legislative assembly, we cannot insert it after the word "company," and thereby re-enact it.

*Judgment affirmed.*