MANTON, appellant, *v.* TYLER, respondent.

SOLE TRADERS' ACT — *Remedial legislation* — *Essentials.* — This act of February 4, 1874, of the Montana legislature (see Revised Statutes of 1879, p. 589), is of the nature of remedial legislation, and entitled to a liberal construction.  It is as essential that the declaration required by law should state that the married woman intends to do business " on her own account," as " in her own name."  The two requirements are not synonymous, but each a distinct essential.

The statute is in the nature of a legislative grant.  It confers title when complied with.  The omission of these essential words, " on her own account," is fatal to the declaration.

*Appeal from Second District, Deer Lodge County.*

THOS. L. NAPTON, for appellant.

HIRAM KNOWLES, for respondent.

No briefs filed.

WADE, C. J.  Plaintiff, a married woman, claims to be the owner of certain cows and other cattle, and brings

this action in her own name to recover the same from the possession of the defendant.    To maintain her action she sought to introduce in evidence her declaration as a sole trader, which is in the words and figures following:

### "NOTICE TO ALL CONCERNED.

"I, the undersigned, Susan E. Manton, do hereby declare and publish that I intend hereafter to transact business in my own name, in the county of Deer Lodge, Montana territory, as a sole trader, under and by virtue of an act of the legislature of the said territory, approved February 4, 1874.   That I intend particularly to engage in buying, selling and raising stock and cattle, also in ranching, and particularly everything pertaining to farming.

"Witness my hand on this 8th day of January, 1879.

"SUSAN E. MANTON."

Which declaratory statement is properly acknowledged and recorded.

The defendant objected to the introduction of the same in evidence, for the reason that the declaration is insufficient under the statute; which objection was sustained, and this action of the court is assigned as error.

The statute in relation to married women as sole traders provides:   "Married women shall have the right to carry on and transact business under their own name and on their own account, by complying with the regulations prescribed in this article."

"Any married woman residing within this territory, desirous to avail herself of the benefit of this article, shall make her declaration before any person authorized to take acknowledgment of conveyances, that she intends to carry on business in her own name and on her own account, specifically setting forth the nature of the business she intends to carry on and transact, and from that date shall be individually responsible in her own name for all the debts contracted by her by virtue of said busi-

ness, the declaration to be recorded in the office of the county recorder of the county in which said business is to be transacted and carried on."

This statute was designed to relieve married women of certain common law disabilities, and should be construed as a remedial statute.  But whether a statute receive a strict or a liberal construction, effect must be given to all its provisions.  It is not the province of a liberal construction to disregard or repeal any provisions of a statute, nor of a strict construction, by adhering to the letter, to defeat its general purpose and intention.  In either case, effect should be given to the whole statute and every part of it, according to the ordinary meaning of the language used.

Unless a statute is ambiguous or uncertain, there is nothing to construe.  If its meaning is plain and certain, it is its own interpreter.

The statute in question is in the nature of a legislative grant.  When its provisions are complied with, it confers title.  When a married woman complies with its provisions, she is so far relieved of her common law disabilities as to become able to own her separate property; to contract in relation to it; and it is subject to her debts and relieved from the debts of her husband.  But in seeking to avail herself of this statute, it is as necessary that her declaration should state that she intends to carry on business on her own account as in her own name.  These terms are not synonymous.  The one does not presume the other; for she might transact business in her own name and not on her own account, or *vice versa.*  The statute requires that her declaration state that she intends to carry on business, not only *in her own name,* but on *her own account.*  Both of these terms are material, and each is essential to the validity of her declaration.  If one could be disregarded the other might, and the purpose of the statute thus wholly defeated.  These are matters of title, and a plain requirement of the statute cannot be dispensed

with. Statutes that confer title or affect property rights must be followed in order to be available.

The sole traders' act provides that the declaration shall state: *First,* that the married woman intends to carry on business in her own name; *second,* on her own account; and *third,* the nature of the business. When made as the statute requires, and properly acknowledged and recorded, she is entitled to carry on business in her own name, and the property, revenue, money, and debts and credits belong exclusively to the married woman, and shall not be liable for her husband's debts; and she is allowed all the privileges and subject to all the processes allowed against debtor and creditor. But in order to become invested with these privileges she must make her declaration as required by the statute.

The declaration in question fails to state that the plaintiff intends to carry on business on her own account, and this defect is fatal to it as a declaration of a sole trader.

Our statute was borrowed from California, and the supreme court of that state has taken a similar view. See *Adams* v. *Knowlton,* 22 Cal. 283.

The judgment is affirmed, with costs.

*Judgment affirmed.*