HON. WILLIAM H. DE WITT, ⎱ Associate Justices.
HON. WILLIAM H. HUNT, ⎰

STATE, RESPONDENT, *v.* PILGRIM, APPELLANT.

[Submitted December 6, 1895. Decided December 9, 1895.]

CRIMINAL LAWS—*New trial—Notice—Specification of errors.*—Failure of a notice of intention to move for a new trial to particularly state the errors relied on is not waived by the special appearance of counsel for the purpose of a motion to dismiss the motion for a new trial for that reason.

SAME—*Same.*—A motion for a new trial is properly denied when the notice of intention fails to state the particular errors relied on. (*State* v. *Fry*, 10 Mont. 407; *State* v. *Whaley*, 16 Mont. 574.)

STATUTES—*Punctuation.*—The punctuation of a statute is not entitled to great weight in its construction, and where the use of the punctuation as found in the statute makes it an absurdity, while the use of another punctuation would cause it to convey a meaning, the latter will be adopted. (*Taylor* v. *Ashby*, 3 Mont. 248; *Hedges* v. *Commissioners*, 4 Mont. 280; *Manton* v. *Tyler*, 4 Mont. 362; *Lane* v. *Commissioners*, 6 Mont. 473, cited.)

SAME—*Same—Section 86, criminal laws, construed.*—In Section 86 Criminal Laws (1887) punishing as for felony "every person who shall mark. brand, alter, or deface the mark or brand, of any horse  *  *  *  with intent to steal the same," the comma after the second "brand" should be placed after the word "of" and the comma after the word "alter" omitted, in order to give the statute its proper meaning.

*Appeal from Eighth Judicial District, Cascade County.*

CONVICTION for felony.    The defendant was tried before BENTON, J.    Affirmed.

*Largent & Huntoon,* for Appellant.

*Henri J. Haskell,* Attorney General,   *W. D. Gardner* and *James W. Freeman,* for the State, Respondent.

DE WITT, J.—The defendant was convicted of the crime of branding a calf of another with intent to feloniously steal the same.    He appeals from the judgment.    These proceedings were all before the adoption of the Penal Code of 1895, and therefore the appeal from the judgment brings up for review the order denying the defendant's motion for a new trial. The defendant gave notice of intention to move for a new trial. The county attorney thereupon appeared specially, and moved to dismiss the motion upon the ground that the notice of intention did not particularly state the errors relied upon. There was, therefore, no waiver by the state of the defects in the notice of intention to move.    It is the fact that the notice did not particularly state any error whatever.    The motion was denied, and properly so.    (*State* v. *Fry,* 10 Mont. 407; *State* v. *Whaley,* 16 Mont. 574.)

There could be no better case than the present one to illustrate the propriety of the practice defined by the Code of requiring a defendant to specify particularly the errors relied upon.    In this case the appellant claims there were 203 errors committed upon the trial.    It would certainly be a vicious practice if he could move for a new trial, and not specify in his notice which one of the 203 errors he relied upon.    The county attorney would have no information as to which alleged error was claimed to be substantial.    Furthermore, on the

argument before the district court counsel might present three of the errors, and then come before this court and rely upon the other 200. There may be isolated cases where the enforcement of the rules of practice may seem to be severe, although we do not suggest that this is such a case. But, if these statutory rules are to be neglected or repealed, the courts would find themselves in inextricable confusion. The appellate courts and the trial courts would be working at cross purposes, and appeals would be prosecuted in this court upon questions never raised in the lower courts. With no specification of error in the notice of intention to move for a new trial, the district court was correct in denying the motion.

There was also a motion in arrest of judgment. The only ground set forth in the same is "that the facts stated in the information filed herein do not constitute a public offense or a crime."

The statute under which the information is filed is section 86 of the Criminal Laws (Comp. St. 1887). It is as follows: "Every person who shall mark, brand, alter, or deface the mark or brand, of any horse, mare, colt, jack, jennet, mule, or any one or more head of neat cattle or sheep, goats, hogs, shoats, or pigs, not his or her own property, but belonging to some other person, or cause the same to be done, with the intent thereby to steal the same, or to prevent the identification thereof by the owner, shall, upon conviction thereof, be punished by imprisonment in the state prison for a term not less than six months, nor more than five years."

Appellant contends that under this statute no offense is charged in the information. We present his argument from his own brief, as follows: "Our contention is that that section can mean only that if any person shall mark the mark or brand, or brand the mark or brand, or shall alter the mark or brand, or shall deface the mark or brand of any animal mentioned in the section, he shall be guilty of an offense. Any other construction would make strange reading, namely: 'Every person who shall brand of any horse.' 'Every person who shall alter of any horse,' and so on through the whole

section. In other words, the punctuation is such as to pre-clude any other construction, for the reason that the comma is after 'brand,' and if the other construction is to be placed upon it the comma should have been placed after 'of.' The comma being placed where it is, leaves us no other grammati-cal construction that will make sense of the paragraph, except that the animal must have been branded or marked at the time that the offense was committed, and that brand or mark must be by the party offending marked, branded, altered or de-faced."

His argument is, however, only a criticism of punctuation. The comma following the word "brand," used the second time in the section, should follow the word "of" which succeeds the word "brand." The comma after the word "alter" should be omitted. Then that portion of the statute would read as follows: "Every person who shall mark, brand, alter or deface the mark or brand of, any horse, mare," etc. We understand that the offenses described in the statute are "to mark any horse," etc., "to brand any horse," etc., "to alter or deface the mark or brand of any horse," etc.

The punctuation of a statute is not entitled to great weight in its construction. (*Taylor* v. *Ashby*, 3 Mont. 248.) The punctuation which is given the statute in the preceding re-marks makes it convey a sense. The punctuation as printed in the statute book robs the statute of all meaning and sense. To make it read: "Every person who shall brand of a horse," etc., is an absurdity. If one use of a punctuation will cause a statute to convey a meaning, and the other use of punctuation would simply give a collection of words without sense, the former construction must, of course, be adopted. An effect must be given to the statute. (*Hedges* v. *Commissioners*, 4 Mont. 280; *Manton* v. *Tyler*, 4 Mont. 364; *Lane* v. *Commis-sioners*, 6 Mont. 473.)

We are therefore of opinion that the motion in arrest of judgment was properly denied. The judgment is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.