WILLIAMS, RECEIVER, APPELLANT, v. HILGER ET AL., RESPONDENTS.

(No. 5,986.)

(Submitted November 9, 1926. Decided November 17, 1926.)

[251 Pac. 524.]

*Corporations—Statutory Liability of Directors—Limitation of Actions—Construction of Statute—Statutory Construction—Statutes Adopted from Other States—Rule.*

Statute of Limitations—Affirmative Defense—Burden on Pleader to Show What.
1. The statute of limitations is an affirmative defense, and the burden of showing that the period prescribed in the statute relied upon had run prior to the commencement of the action rests upon the party pleading it.

Corporations—Statutory Liability of Directors—Nature of Liability.
2. The basis of an action to recover on the statutory liability of a director of a corporation for failure of the corporation to file the annual report of its financial condition required by section 6003, Revised Codes of 1921, is an antecedent debt due to plaintiff; the liability commences with and is dependent upon such debt at the time of the first default, is direct and primary and, having once attached, is not affected by the renewal of a note evidencing the debt, and is not renewed by subsequent defaults.

Same—Statutory Liability of Directors—Limitation of Actions—Statute—Construction.
3. Construing section 9061, Revised Codes of 1921, *held* that an action against a director to enforce his statutory liability for failure of his corporation to file its annual statement must be

1. See 17 R. C. L. 1004.
2. See 17 R. C. L. 776.

brought within three years after the liability was created by law, and not within three years after the aggrieved party discovered the fact with relation thereto.

Same—Insolvent Bank—Receiver's Action to Recover on Statutory Liability of Director of Corporation Indebted to Bank—Limitation of Actions.

4. The receiver of an insolvent bank who seeks to recover on the statutory liability of a director of a corporation indebted to the bank occupies the same position the bank would have occupied had it not become insolvent and sought to enforce the same liability; hence the fact that he did not become aware of the facts upon which he relied until he assumed charge of the bank was immaterial, under paragraph 3 above, so far as his right to maintain the action, which was then barred, is concerned.

Statutory Construction—Statute Adopted from Other States—Rule.

5. Where the legislature adopts a statute from another state it will be held to also have adopted the construction then placed thereon by the highest court of that state, if, as adopted, it is silent as to the matter of construction and the decision of such court as to its meaning appeals to the supreme court of this state as based on sound reasoning.

---

[1] Limitation of Actions, 37 **C. J.**, sec. 718, p. 1213, n. 50; sec. 769, p. 1243, n. 59.

[2] Corporations, 14a **C. J.**, sec. 2011, p. 208, n. 68; sec. 2013, p. 209, n. 81; sec. 2048, p. 232, n. 79, 81 New. Limitation of Actions, 37 **C. J.**, sec. 18, p. 698, n. 74.

[3] Corporations, 14a **C. J.**, sec. 2048, p. 232, n. 81 New. Limitation of Actions, 37 **C. J.**, sec. 350, p. 969, n. 92.

[4] Corporations, 14a **C. J.**, sec. 2048, p. 232, n. 81 New. Limitation of Actions, 37 **C. J.**, sec. 350, p. 969, n. 92.

[5] Corporations, 14 **C. J.**, sec. 2048, p. 232, n. 81 New. Limitation of Actions, 37 **C. J.**, sec. 127, p. 787, n. 41; sec. 350, p. 969, n. 92. Statutes, 36 **Cyc.**, p. 1154, n. 81; p. 1156, n. 83, 90.

*Appeal from District Court, Fergus County; John C. Huntoon, Judge.*

ACTION by F. D. Williams, as receiver of the First National Bank of Fergus County in Lewistown, a corporation, against David Hilger and others. Judgment for defendants and plaintiff appeals. Affirmed.

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

---

5. Construction of statutes adopted from another state, see notes in 84 Am. Dec. 591; 1 Ann. Cas. 147; Ann. Cas. 1915C, 323; Ann. Cas. 1917B, 651. See, also, 25 R. C. L. 1069.

*Messrs. Murphy & Whitlock* and *Mr. Howard Toole,* for Respondent E. H. Barrett; *Mr. Wm. M. Blackford,* for Respondent R. B. Fergus, and *Mr. Roy E. Ayers,* for Respondents David Hilger, W. J. Johnson and D. J. Burke, submitted a brief; *Mr. Toole* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment in favor of the defendants.

On September 24, 1924, F. D. Williams, as receiver of the First National Bank of Fergus county, Lewistown, commenced action against David Hilger, W. J. Johnson, R. B. Fergus, D. J. Burke and E. H. Barrett, to recover approximately $20,000 indebtedness of the Flatwillow Ranch Company, a corporation, to the said bank as a statutory liability of the said defendants as directors of the corporation on the failure of the corporation to file its annual statements as required by law.

Answering the complaint filed, the defendants pleaded the statute of limitations and the case was thereafter submitted to the court on an agreed statement of facts, upon which statement the court made a finding that each of the causes of action pleaded, being four in number, was, at the time of the commencement of the action, barred by the provisions of section 9061 of the Revised Codes of 1921, and, on this finding, adjudged and decreed that the plaintiff take nothing, and that the defendants have judgment against the plaintiff for their costs incurred. Error is specified upon the finding mentioned and upon the entry of judgment.

The facts agreed upon, so far as necessary here, are as follows: The Flatwillow Ranch Company, hereinafter referred to as the company, is a Montana corporation of which, at all times hereinafter mentioned, the five defendants constituted the board of directors. The plaintiff's principal, hereinafter referred to as the bank, was a going concern up to December 10, 1923, when it closed its doors, and of which the plaintiff

was appointed receiver on April 12, 1924. During all of the period involved in this suit defendants Hilger and Johnson were active officers of the bank. The amount involved in the action was loaned to the company by the bank prior to December 31, 1920, Johnson making the loans for the bank, and the notes mentioned in the complaint and dated in 1923 were but renewals of notes given at the times loans were made. None of these notes have been paid.

During the period from 1916 to 1923 the company failed to file the annual statements of its condition required by section 6003 of the Revised Codes of 1921, and all of the directors failed to file the affidavits of excuse provided for in said section. In 1923 Hilger, as president of the company and as a director thereof, signed and filed a statement, but recited therein that no other director signed the same, as all were without the county.

No reference is made to knowledge on the part of the bank, but it was agreed that "the plaintiff had no actual knowledge of the default * * * until after his appointment."

Section 6003, above, requires every corporation having a capital stock, with certain exceptions not here important, to file in the office of the county clerk and recorder an annual report of its condition on December 31 preceding March 1, and provides that, "if such report be not filed within twenty days after March 1, the directors of such corporation shall be jointly and severally liable for all debts of the corporation then existing," provided that a director may avoid liability by filing an affidavit showing that the default was suffered through no fault of his. Section 9061, above, declares that: "Sections 9011 and 9066 of this Code do not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created."

[77 Mont. 399.]

1. The pleading of the statute of limitations is an affirmative
[1]  defense, and the burden of showing that the period pre-
scribed in the statute relied upon had run prior to the com-
mencement of the action rested upon the defendants. (*State
ex rel. Kolbow* v. *District Court,* 38 Mont. 415, 100 Pac. 207;
*Parchen* v. *Chessman,* 49 Mont. 326, Ann. Cas. 1916A, 681,
142 Pac. 631.)

2. In determining whether defendants sustained this burden,
[2]  it is first necessary to determine when, with reference to
the company's several defaults, the indebtedness forming the
basis of liability existed. The basis of an action such as this
is the antecedent debt; the liability commences with, and is de-
pendent upon, such indebtedness at the time of default; it
is direct and primary (*First Nat. Bank* v. *Cottonwood Land
Co.,* 51 Mont. 544, 154 Pac. 582), and, having once attached,
is not affected by renewal notes evidencing such debt. (*Con-
tinental Nat. Bank* v. *Buford* (C. C. A.), 107 Fed. 188.) As
it is admitted that the debts in question existed prior to Decem-
ber 31, 1920, they should have been included in a report filed
prior to March 20, 1921, and the renewals dated in 1923 have
no effect on the situation.

3. But it is contended that plaintiff might rely upon sub-
sequent defaults and particularly the default of 1924, after
the filing of the Hilger report in 1923. There is no merit in
this contention, as the liability attaches as of the first default
and is not renewed by subsequent defaults (*State Sav. Bank*
v. *Johnson,* 18 Mont. 440, 56 Am. St. Rep. 591, 33 L. R. A.
552, 45 Pac. 662), and, under this particular statute of limita-
tions, the running of the period is not only a bar to the rem-
edy, but extinguishes the existing right of action on the
liability. (*Davis* v. *Mills,* 194 U. S. 451, 48 L. Ed. 1067, 24
Sup. Ct. Rep. 692 [see, also, Rose's U. S. Notes], construing our
section 554, Revised Codes of 1895.) Under the statute as
thus construed, the liability attached as of March 21, 1921, un-
less there is merit in counsel's next contention, and it is imma-
terial whether or not the Hilger report complied with the law.

4. Plaintiff contends that the statute of limitations does not

[3] commence to run under the statute until discovery by the aggrieved party of the facts on which the liability is created; that this discovery was not actually made until after the appointment of the receiver, and that the court, in order to uphold its finding, held that knowledge acquired by Hilger and Johnson as officers of the bank was imputed to the bank.

As to the time of actual discovery of facts, the only stipulation in the record is that the plaintiff *receiver* did not discover [4] those facts until after his appointment in 1924; but he merely stands in the shoes of his principal, the bank, and the time of his discovery is absolutely immaterial, and, for the reasons hereinafter stated, it is also immaterial whether the knowledge acquired by officers of the bank, who were also officers of the company, was or was not imputable to the bank.

Section 9061, in its present form, has been in effect since its enactment as section 554, Code of Civil Procedure of 1895, when it was adopted *verbatim* from the California Code of Civil Procedure (sec. 359, Cal. Code Civ. Proc.). In 1893 the supreme court of California interpreted their section as follows: " 'Such actions must be brought within three years after * * * the liability was created.' * * * We do not see how this plain, clear language of section 359 can be explained away by any rule or any number of rules of construction. There is no room for the play of interpretation when the language under review leaves no doubt as to the meaning of those who used it." (*Hunt* v. *Ward*, 99 Cal. 612, 37 Am. St. Rep. 87, 34 Pac. 335.)

The rule in this state is that, in adopting a statute from [5] another state, we adopt the construction placed upon it by the highest court of that state (*Miller* v. *Miller*, 47 Mont. 150, 131 Pac. 23; *Haydon* v. *Normandin*, 55 Mont. 539, 179 Pac. 460; *Mares* v. *Mares*, 60 Mont. 36, 199 Pac. 267), and indulge in the presumption that the legislature intended its enactment to conform to the meaning given to the adopted statute by the highest court of the state from which it was adopted (*State ex rel. Murray* v. *Walker*, 64 Mont. 215, 210 Pac. 90), provided the statute as adopted is silent as to the

matter of construction (*State ex rel. Rankin* v. *State Board of Examiners,* 59 Mont. 557, 197 Pac. 988), and provided the decision of such other court appeals to this court as based on sound reasoning (*Ancient Order of Hibernians* v. *Sparrow,* 29 Mont. 132, 101 Am. St. Rep. 563, 1 Ann. Cas. 144, 64 L. R. A. 128, 74 Pac. 197; *State ex rel. Goodman* v. *Stewart,* 57 Mont. 144, 187 Pac. 641).

It will be noted that section 9061 refers to actions to recover a penalty or forfeiture and actions to enforce a liability created by law, in the alternative, and, while the time for the commencement of such actions is the same, that which sets the statute in motion may be read in the disjunctive; *i. e.:* "Such actions must be brought within three years after (a) the discovery by the aggrieved party of the *facts* upon which the penalty or forfeiture attached, or (b) the liability was created."

In 1914 the supreme court of California again had the question before it, and its decision made the construction of the statute even more clear by declaring: "The fair reading of this section makes the discovery the starting point of the period of limitation only in cases of actions to recover a penalty or forfeiture. In actions to enforce a 'liability created by law' the period is three years from the creation of the liability." (*Royal Trust Co.* v. *MacBean,* 168 Cal. 642, 144 Pac. 139.)

These decisions appear to us to be based on sound reasoning. The statute designates two classes of action in the alternative and two tests as to when the period of the limitation shall begin to run, to-wit: "Actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed * * * must be brought within three years after discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached;" "actions * * * to enforce a liability created by law * * * must be brought within three years after * * * the liability was created."

It is therefore apparent that, as the indebtedness existed prior to the default of the corporation on March 1, 1921, and the directors failed for twenty days thereafter to file the required affidavits, the liability which is here sought to be en-

forced was "created by law" on the expiration of the twenty-day period, the statute began to run as of March 21, 1921, and the full period expired three years thereafter. As plaintiff's action was not commenced until September 24, 1924, the trial court correctly ruled that plaintiff's action was barred under the provisions of section 9061.

For the reasons stated, the judgment must be affirmed.

*Affirmed.*

Mr. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES GALEN and STARK and HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.

Rehearing denied December 9, 1926.