BROWN, APPELLANT, *v.* ROBERTS ET AL., RESPONDENTS.

(No. 6,024.)

(Submitted January 12, 1927. Decided February 18, 1927. Opinion Amended on Petition for Rehearing March 23, 1927.)

[254 Pac. 419.]

*Banks and Banking—Insolvency—Stockholders' Liability— Limitation of Actions—Statutes and Statutory Construction.*

Banks and Banking—Insolvency—Stockholders' Liability—Limitation of Actions.

1. An action by a depositor in an insolvent bank to recover on the statutory liability of its stockholders is not one against the bank and therefore the provision of section 9046, Revised Codes, that in actions against banks, trust companies, etc., "there are no limitations" has no application.

Same — Stockholders' Liability — Limitation of Actions — Statute Applicable.

2. While the double liability of stockholders in state banks is contractual in nature, the five-year limitation on contracts not in writing (sec. 9030, Rev. Codes 1921) does not apply in an action on such liability, but, the liability being one created by law, the provision of section 9061, that an action of that nature must be brought within three years after it was created, applies.

Same—Stockholders' Liability—When Action may be Commenced.

3. Where an insolvent state banking corporation is shown not to have any assets, a creditor may proceed against the stockholders on their double statutory liability without first bringing an action against the corporation to determine that it is without assets from which his claim might be satisfied.

Same—Stockholders' Liability—Limitation of Actions—Time of Discovery of Conditions of Bank Immaterial.

4. Under section 9061, Revised Codes of 1921, an action by a depositor in an insolvent bank to enforce the stockholders' liability must be commenced within three years after the liability was

created by law, without reference as to when plaintiff made discovery of the facts in the case.

Statutory Construction—Statute Adopted from Another State—Rule.

5. Where a statute, adopted from another state, is silent as to its construction, it will be presumed that the legislature in adopting it intended that the construction given the statute by the courts of the state from which it was adopted should be followed.

Same—Placing of Commas of Little Import.

6. In the construction of statutes, no great weight is to be given to the placing of a comma, and if it can be construed by any other means, resort to commas should not be had.

Same—Intent of Legislature to be Carried Out.

7. Statutes should be given an interpretation best calculated to carry out the actuating thought in the mind of the legislature at the time of its passage.

Banks and Banking—Insolvency—Stockholders' Liability—When is Liability Created.

8. *Quaere:* When is the double statutory liability of a stockholder in a state bank "created" within the meaning of section 9061, Revised Codes of 1921, fixing a limitation of three years; was it created at the time the creditor made the deposit in question, or at the time the corporation was shown to be without assets?

---

[1]   Banks and Banking, 7 C. J., sec. 96, p. 515, n. 97 New.

[2]   Limitation of Actions, 37 C. J., sec. 96, p. 764, n. 23 New; sec. 127, p. 787, n. 41.

[3]   Banks and Banking, 7 C. J., sec. 88, p. 514, n. 75.

[4]   Limitation of Actions, 37 C. J., sec. 265, p. 901, n. 10.

[5-7]   Limitation of Actions, 37 C. J., sec. 265, p. 901, n. 10. Statutes, 36 Cyc., p. 1106, n. 29; p. 1117, n. 17; p. 1154, n. 81.

[8]   Limitation of Actions, 37 C. J., sec. 265, p. 901, n. 10.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

Action by Anna L. Brown against C. B. Roberts and others. Judgment for defendants and plaintiff appeals. Affirmed.

*Mr. A. H. Gray* and *Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. Gray* and *Mr. John McKenzie* argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover, Messrs. Freeman, Thelen & Frary, Messrs. Maddox & Church, Messrs. Greene*

---

5.   See 25 R. C. L. 1069.

6.   See 25 R. C. L. 965.

7.   See 25 R. C. L. 960.

*& Cockrill, Messrs. Hurd, Rhoades, Hall & McCabe, Mr. J. A. McDonough, Mr. J. W. Speer* and *Mr. H. Norskog,* for Respondents, submitted a brief; *Mr. Fletcher Maddox* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On September 11, 1917, plaintiff placed $9,000 on time deposit in the Cascade Bank of Great Falls, and received a certificate payable on its return "6—12 months after date, with 4 per cent interest. No interest after maturity." This certificate was not presented for payment at maturity, or at all. On February 11, 1920, the Cascade Bank transferred all of its assets to the American Bank & Trust Company, under an agreement that the latter would assume all liabilities of the former. The Cascade Bank has not at any time since either functioned or possessed funds or assets for the payment of its debts. In December, 1921, the American Bank became insolvent and went into receivership. Plaintiff was absent from the state and did not learn of the insolvency of the Cascade Bank until August 1, 1922. In November she filed her claim for the amount due on the certificate with the receiver of the American Bank, which claim was approved, and thereafter the receiver paid her approximately $2,000 thereon. On May 24, 1924, plaintiff brought action for the recovery of the balance due on the certificate, against all persons alleged to be stockholders of the Cascade Bank at the time it transferred its assets and thus became unable to pay its debts, seeking to enforce the statutory liability of such stockholders for the debts of the bank.

By answer the several defendants set up the affirmative defense of laches, estoppel, novation and bar by the statute of limitations. The cause was tried to the court without a jury, and, after hearing the evidence, the court found for the defendants upon the sole ground that plaintiff's cause of action was barred by the statute of limitations. Judgment was en-

tered in accordance with that finding. From this judgment plaintiff has appealed. While there is seeming merit in certain other grounds urged by counsel for the defendants, we need consider only the ground on which the court rendered judgment.

1. Plaintiff first contends that this action comes within the [1] provisions of section 9046, Revised Codes of 1921, which reads in part: "To actions brought to recover money or other property deposited with any bank, banker, trust company, or savings and loan corporation, association, or society, there are no limitations." The only authority cited in support of this contention is an opinion rendered by the attorney general to the superintendent of banks, in which he cites a California case in which it is suggested, but not decided, that such a statute might apply to such actions.

But this action was not brought to recover money deposited. Such an action would lie, not against the stockholders, but against the bank. This action was commenced against the stockholders on a liability "created by law" (*Muri* v. *Young,* 75 Mont. 213, 245 Pac: 956; *McClaine* v. *Rankin,* 197 U. S. 154, 3 Ann. Cas. 500, 49 L. Ed. 702, 25 Sup. Ct. Rep. 410), and section 9061, Revised Codes of 1921, expressly provides that "sections 9011 to 9066 of this Code do not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law." As section 9046 comes within the sections designated, it cannot affect this action.

2. It is next contended that section 9030, providing a [2] five-year limitation on actions on contracts not in writing, applies. While this double liability of stockholders "is contractual in its nature and not penal" (*Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282; *Home State Bank* v. *Swartz,* 72 Mont. 425, 234 Pac. 281), it is still a "liability created by law"; a liability which would not exist but for the statute (*Hawkins* v. *Iron Valley Furnace Co.,* 40 Ohio St. 507; *Pine County* v.

*Lambert,* 57 Minn. 203, 58 N. W. 990), and, like section 9046, does not apply to such cases under the express provisions of section 9061.

3. It is therefore apparent that the time within which an action may be brought to enforce such liability is governed solely by the provisions of section 9061; and, under like provisions, it is so generally held. (*McClaine* v. *Rankin,* above; *Flash* v. *Conn,* 109 U. S. 371, 27 L. Ed. 966, 3 Sup. Ct. Rep. 263; *Bank* v. *Bliss,* 35 N. Y. 412; *Green* v. *Beckman,* 59 Cal. 545, *Moore* v. *Boyd,* 74 Cal. 167, 15 Pac. 670; *Hunt* v. *Ward,* 99 Cal. 612, 37 Am. St. Rep. 87, 34 Pac. 335; *Royal Trust Co.* v. *McBean,* 168 Cal. 642, 144 Pac. 139.)

4. The latter portion of section 9061 declares that "such [3] actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty of forfeiture attached or the liability was created."

The defendants contend that section 6036, Revised Codes of 1921, as amended by Chapter 9, Laws of 1923, creates a primary liability as of the date the corporate debt is incurred, and that, therefore, the three-year period would begin to run from the time the plaintiff's deposit was made. This is the rule in California, adopted in construing their section 359, Code of Civil Procedure, which is identical with our section 9061, except as hereinafter noted, in connection with their section 322 (Civ. Code), which is somewhat similar to our section 6036 (*Hunt* v. *Ward,* above), and has been consistently followed in that state.

On the other hand, the plaintiff contends that the liability is secondary—in the nature of a guaranty or promise to answer for the debt, default, or miscarriage of another, and that, therefore, the three-year period runs from the time when it is shown that the corporation cannot meet its obligations, relying upon the decision in *Muri* v. *Young,* above.

In *Skarie* v. *Marron, ante,* p. 295, 253 Pac. 895, it is pointed out that *Muri* v. *Young* is not an authority as to when an

action for the enforcement of such liability must be commenced, and it is there declared that "our statute makes no requirement that the assets of an insolvent bank shall be converted into cash and applied toward payment of its debts before this liability may be enforced." It will also be noted that the section does not refer to the accrual of a cause of action in favor of the creditor, but only to the time when the liability is created.

If the statutory period commences to run at the time a right of action accrues, or if it may be said that the liability is "created" when the action may be brought against the stockholders, the rule that the action can only be brought after judgment against the corporation, and a return of an execution unsatisfied, would ordinarily apply (7 Fletcher's Ency. of Corporations, sec. 4231; 7 R. C. L. 392, and cases cited); but the purpose of such preliminary action is to show that the corporation has no assets from which the debt could be satisfied (or is insolvent; *Rohr* v. *Stanton, post,* p. 494, 254 Pac. 869), and, as the law does not require the doing of a useless thing (sec. 8761, Rev. Codes 1921; *Montana Livestock & Loan Co.* v. *Stewart,* 58 Mont. 221, 190 Pac. 985), where it is shown that the corporation has no assets, the creditors may proceed against the stockholders without bringing such preliminary action (7 Fletcher, above; 26 Am. & Eng. Ency. of Law, 2d ed., 1045).

Here the record shows that the Cascade Bank transferred all [4] of its assets to the American Bank in February, 1920, under an agreement that the latter bank would assume its liabilities, and does not show that the Cascade Bank thereafter possessed assets of any nature whatsoever. A right of action would therefore accrue in favor of a creditor and against the stockholders as of that date. This position is taken by counsel for the plaintiff in their brief, and they contend that the liability was "created" at that date, but they assert that "the discovery of the facts by the aggrieved party" fixes the time when the statute begins to run against an action to enforce a

liability created by law, as well as to recover a penalty or forfeiture imposed. This question was raised and decided contrary to plaintiff's contention, in *Williams* v. *Hilger*, 77 Mont. 399, 251 Pac. 524, in which opinion we followed the decisions of California in construing the section before we adopted it from that state. However, counsel for plaintiff assert, as did counsel in the *Williams Case* on motion for rehearing, that, by the omission of a comma after the word "attached" in the last line appearing in the California statute, the meaning of the section was altered, and therefore the decisions of that state are neither controlling nor persuasive.

While a comma is properly used to separate clauses of a [5-7] compound and complex sentence, when long (Webster's New International Dictionary), and, under the ordinary rules of grammar, a comma might well have been placed after "attached" as it was in the California statute, we cannot concede that our legislative assembly intended to modify the rule laid down in California by the mere omission of a comma. Where the statute is silent as to construction, it will be presumed that the legislature intended that the construction given the statute in the former state is to be followed. (*State ex rel. Rankin* v. *State Board*, 59 Mont. 557, 197 Pac. 988; *State ex rel. Murray* v. *Walker*, 64 Mont. 215, 210 Pac. 90.) Here the statute is absolutely silent as to construction, and the only change made in the statute was the omission of the comma.

In construing a statute no great weight is to be given to the placing of a comma (*State* v. *Pilgrim*, 17 Mont. 311, 42 Pac. 856), and a court should not resort to commas in construing a statute if it can be construed by any other means (*Taylor* v. *Ashby*, 3 Mont. 248). The Act in question should be given an interpretation best calculated to carry out the actuating thought in the minds of the legislature at the time of its passage (*State ex rel. Knight* v. *Cave*, 20 Mont. 468, 52 Pac. 200), and, as the legislature did not in any manner indicate that it did not intend to adopt the construction placed on the statute

when it adopted the language of the enactment, it is reasonable to suppose that the omission was merely a clerical error committed by the person who drafted or engrossed the bill.

Following the *Hilger Case* above, and the California cases cited therein, we hold that the statute requires the commencement of an action such as this within three years after the liability was created, without reference to discovery by the creditor.

This being the situation, we are not called upon to determine [8] whether the liability was created at the time the deposit was made, or at the time the corporation was shown to be without assets, as in either case the statutory period of three years had expired more than a year prior to the commencement of the action.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.

Rehearing denied March 23, 1927.