WILLIAM FURST v. FRED BEYGEH.
SAME v. ALBERT DOLLENMAYER.[1]

November 2, 1934.

No. 30,061.

*William Furst, pro se.*
*Stanley B. Houck,* for respondent Fred Beygeh.
*Leonard, Street & Deinard,* for respondent Albert Dollenmayer.

[1]Reported in 257 N. W. 79.

*JULIUS J. OLSON, Justice.*

Plaintiff appeals from an order denying his motion for new trial in each of two cases tried together in the court below and similarly submitted here. The action against defendant Dollenmayer covers substantially the same state of facts as that against defendant Beygeh. Hence reference hereafter will be only to the Beygeh case.

The facts found by the trial court are these: On September 19, 1930, plaintiff was duly appointed receiver of the Travertine Products Corporation, an insolvent corporation organized and existing under the laws of the state of Montana, since which time he has been and still is acting as such. Defendant is the owner of 38 shares of the capital stock of said corporation, each share being of the par value of $100. Prior to the time of corporate organization the defendant advanced $760 to one Graves to be by the latter expended in connection with the development of properties in Montana which were supposed to contain marketable deposits of travertine. The money was so expended. The corporation was organized for the purpose of mining and marketing such deposits. The stock was subscribed for by defendant and issued to him. He paid no other consideration than the $760 theretofore advanced. The corporation accepted the said sum as payment in full for the stock so issued. The corporation ever since its formation has been insolvent. Prior to the time of the appointment of plaintiff as receiver there were docketed in the office of the clerk of court of Hennepin county judgments against the corporation in the total sum of nearly $30,000. The corporation has no assets. Of the judgments so docketed in at least two instances, executions were returned unsatisfied more than three years before the commencement of this action. The Montana code, Rev. Code, Montana, 1921, § 5966, on the subject of stockholders' liability reads as follows:

"The stockholders of every corporation shall be severally and individually liable to the creditors of the corporation in which they are stockholders, to the amount of unpaid stock held by them respectively, for all acts and contracts made by such corporation, until the whole amount of capital stock subscribed for shall have been paid in."

The code further provides, § 9061, in respect of the enforcement of the liability created by the section above quoted, as follows:

"Sections 9011 to 9066 of this code do not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty of forfeiture attached or the liability was created."

Plaintiff failed to establish that this action was brought within three years after knowledge by or notice to the several creditors in whose behalf this action is prosecuted, or any of them, of the insolvency of the corporation. Upon the facts so found the court concluded that defendant in each case was entitled to judgment dismissing the action with costs.

The only error assigned below or urged here is that the conclusion reached by the trial court is not justified by the evidence and that the same is contrary to law. The cases come before us upon a bill of exceptions which does not pretend to include all the evidence. But there is sufficient evidence in the record, as we read it, to amply sustain the court in the findings made. We think the record does not permit any other conclusion than that reached below. In his memorandum the trial judge said: "I suppose there is little dispute about the facts, and if either party desires additional findings on points I have not thought relevant and material I shall be hospitable toward a motion to that end." No further findings were requested by either party.

Plaintiff claims that the court erroneously decided that this action was brought under the Montana statute to recover stockholders' liability. He maintains that it is a suit in equity founded upon fraud. To test the validity of his assertion in this regard it is necessary to set forth the substance of his amended complaint. The allegations are:

That plaintiff is the qualified and acting receiver of the Travertine Products Corporation, organized and existing under the laws of the state of Montana, and that as such receiver he was directed by the

court to collect all of its assets; that the defendant is the owner of 38 shares of the capital stock of the corporation; that at all times in the complaint mentioned Montana Rev. Code, 1921, § 5966, hereinbefore quoted, was in effect; that the defendant subscribed for said 38 shares of stock about the time the corporation was organized, to-wit: September 27, 1921, and that he subscribed for such stock for the purpose of organizing the corporation and carrying on its business; that for the purpose of facilitating the corporate organization and at defendant's request this defendant's proportion of the capital stock of the corporation was taken in the name of one Graves "and possibly others unknown to the plaintiff and later transferred to this defendant at his special instance and request"; that the defendant paid nothing for said stock but that the only sum paid by him was $760 paid to Graves for experimental work with travertine; that long after the experimental work was performed the corporation was organized by defendant and others and defendant subscribed for and was given the 38 shares for no other consideration save the said sum of $760; that the corporation ever since its organization has been and still is insolvent and that the liabilities thereof exceed $30,000; that many of the stockholders are of no financial worth and that to pay the debts of the corporation it is necessary that said defendant be required to pay the plaintiff as receiver the full amount of the par value of his stock; that records of the judgments against said corporation are docketed in the office of the clerk of court of Hennepin county and "are hereby alluded to and made a part of this complaint" without further pleading; that the assets of the corporation, outside of stockholders' liability for unpaid subscriptions and unpaid stock as set forth in the complaint, are nothing. Upon these facts plaintiff demands recovery.

The court held that the action was one to recover under the Montana statute and that the action was not founded upon fraud. In view of what has been stated, it is obvious to anyone that the court was right. Nowhere in the complaint is there any suggestion of fraud. It is a clear case of plaintiff seeking to recover by virtue of the statute.

The court further held that Rev. Code, Montana, 1921, § 9061, must be construed, not as a statute of limitations and as such affecting the remedy only, but as of the essence of the right itself, and that to enforce the right in any action plaintiff must show affirmatively that his action is timely.

That the court was right in this regard is amply sustained by decisions of the supreme court of that state. See Williams v. Hilger, 77 Mont. 399, 251 P. 524; Brown v. Roberts, 78 Mont. 301, 308, 254 P. 419; Mitchell v. Banking Corp. 83 Mont. 581, 590, 273 P. 1055; State ex rel. Lewis & Clark County v. District Court, 90 Mont. 213, 300 P. 544. In Brown v. Roberts, 78 Mont. 301, 308, 254 P. 419, the court said:

"Following the Hilger case above, and the California cases cited therein, we hold that the statute requires the commencement of an action such as this within three years after the liability was created, without reference to discovery by the creditor."

See also Davis v. Mills, 194 U. S. 451, 24 S. Ct. 691, 481 L. ed. 1067. That the Montana statutes and the decisions construing same by its supreme court are binding upon the parties cannot be doubted. In First Nat. Bank v. Gustin Minerva C. M. Co. 42 Minn. 327, 328, 44 N. W. 198, 6 L. R. A. 676, 18 A. S. R. 510, this court said:

"To dispose of certain preliminary questions raised by the defendants, it may be stated at the outset that it is elementary law that, where a person becomes a stockholder in a corporation organized under the laws of a foreign state, he must be held to contract with reference to all of the laws of the state under which the corporation is organized and which enter into its constitution; and the extent of his individual liability as a shareholder to the creditors of the company must be determined by the laws of that state, not because such laws are in force in this state, but because he has voluntarily agreed to the terms of the company's constitution."

Further discussion is not helpful. That the learned trial court came to the right conclusion is clear.

Both orders are affirmed.